IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:12-cr-00746-TLW-4 |
| v. | |
| Lydell Brown | **Order** |

Before the Court is Defendant Lydell Brown's motion for reconsideration of the Court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), which was brought about by Amendment 782 to the sentencing guidelines. The Court's order, ECF No. 200, denied his motion for a sentence reduction because he was sentenced pursuant to a Rule 11(c)(1)(C) agreement to 108 months incarceration, rather than the guidelines.[1] The Court has carefully reviewed the motion for reconsideration and concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order.

A Rule 59(e) motion may only be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. It is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citations omitted).

In Defendant's motion, he acknowledges the stipulated plea, but says that his guideline range was calculated using § 2D1.1. While it is certainly true that the PSR calculated a guideline range using the standard guideline provisions, he was not sentenced within that range and was

---

[1] He appealed this denial, and the Fourth Circuit affirmed. *United States v. Brown*, 622 F. App'x 308 (4th Cir. 2015).

2

instead sentenced pursuant the Rule 11(c)(1)(C) agreement of 108 months.[2]

Defendant also references his co-defendant, Terry Brantley, who was also sentenced pursuant to a Rule 11(c)(1)(C) agreement. Defendant says that he should receive an Amendment 782 reduction because Mr. Brantley received one. That is factually incorrect. Mr. Brantley was sentenced to 204 months as agreed to in his plea agreement, and he has not received a sentence reduction since then. ECF Nos. 119, 157.

The Court has carefully reviewed Defendant's motion and concludes that he has not set forth sufficient grounds to cause the Court to alter or amend its prior order for the reasons set forth in that order. Accordingly, his motion for reconsideration, ECF No. 214, is **DENIED**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

August 24, 2016
Columbia, South Carolina

---

[2] In fact, his guideline range was lower—70 to 87 months. PSR ¶ 110.